## Rubin v. Upper Southampton Township

*Carl K. Zucker,* for plaintiff.
*Robert C. Steiger,* for defendants.

RUFE, J., June 1, 1972.—Plaintiff has brought this mandamus action to require the Upper Southampton Township Zoning Officer to supply zoning permit application forms to plaintiff and process such application as the required first step toward an ultimate Zoning Hearing Board determination of whether or not a variance should be granted. Plaintiff desires to construct garden type apartments in an "R-2" residential zone and the zoning officer has refused to give plaintiff the requested forms and has referred plaintiff to the procedures established for securing a change in zoning. In short, the zoning officer apparently seeks to foreclose to plaintiff the judicial route through variance determination and direct plaintiff onto the legislative route through ordinance amendment. We now resolve this question under rule 266 on plaintiff's motion for summary judgment.

It is hornbook law that a property owner has a right to a Zoning Hearing Board determination of whether or not the provisions of a zoning ordinance should be eased by means of a variance to prevent unnecessary hardship to a property owner and prevent veritably condemning a property by zoning device. Such proce-

dure is normally instituted by the property owner's application for a permit to use his property for the prohibited use, the denial of the application by the zoning officer and the subsequent appeal to the Zoning Hearing Board. While the Upper Southampton Township Zoning Ordinance has not been made a part of this record, we will assume that this common procedure prevails and is available through that township's ordinance.

In any event, it is inconceivable to believe that any municipal official would refuse to supply any of that municipality's property owners with appropriate zoning permit application forms or to process the application for any reason whatsoever, no matter how violently opposed to the use he may be, and no matter how absurd and ridiculous the proposed use may be, in an effort to prevent the property owner from having his case heard by the Zoning Hearing Board, even if the property owner may have available another procedure to change the zoning ordinance as it applies to his property. Such a situation would be analogous to the prothonotary refusing to accept a litigant's complaint on the basis that the litigant should try to persuade the legislature to change the law.

In this case, the zoning officer's action is so patently improper that we issue the following

## ORDER

And now, to wit, June 1, 1972, defendant's preliminary objections are dismissed; plaintiff's motion for summary judgment is granted; and Upper Southampton Township and Clement Brennan, zoning officer, or such other appropriate officials having authority to receive zoning permit applications, are directed to supply plaintiff with appropriate zoning permit application forms and upon receipt of such an application from

plaintiff, are directed to process such application in accordance with the provisions of the Upper Southampton Township Zoning Ordinance and the Pennsylvania Municipalities Planning Code.